Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
HADJIR MASHIRI

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

HADJIR MASHIRI

Plaintiff,

vs.

BAY AREA CREDIT SERVICE; COLLECTO INC. D/B/A EOS CCA; AT&T U-Verse; and DOES 1 through 25

Defendants.

Case No. '15CV1763 BAS MDD

**COMPLAINT FOR DAMAGES**

**[DEMAND FOR JURY TRIAL]**

Plaintiff HADJIR MASHIRI alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff HADJIR MASHIRI (hereinafter referred to as "Plaintiff"), brings this lawsuit against BAY AREA CREDIT SERVICE (hereinafter "BACS"); COLLECTO INC. D/B/A EOS CCA (hereinafter "EOS"); AT&T U-VERSE; and DOES 1 through 25 (sometimes collectively referred to as "Defendants"), for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), Rosenthal

Fair Debt Collections Practice Act ("Rosenthal FDCPA"), and Telephone Consumer Protection Act ("TCPA").

Accordingly, Plaintiff brings this action to seek actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## II.
## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a consumer as defined by 15 U.S.C. section 1692a(3). Furthermore, Plaintiff is a debtor as that term is defined by California Civil Code section 1788. 2(h) and a "person" as the term is defined under the TCPA.

4. Plaintiff is informed and believes, and thereupon alleges, that BACS is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes, and thereupon alleges, that BACS uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

6. Plaintiff is informed and believes, and thereupon alleges, that EOS is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, California.

7. Plaintiff is informed and believes, and thereupon alleges, that EOS uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

8. Plaintiff is informed and believes, and thereupon alleges, that AT&T U-VERSE is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, California.

9. Plaintiff is informed and believes, and thereupon alleges that all Defendants are debt collectors as defined under Civil Code section 1788.2(c).

10. All Defendants attempted to collect a consumer debt as defined under the FDCPA, Rosenthal FDCPA and TCPA.

11. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when such names and responsibilities are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

12. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## III.
## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law. (47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).) This Court also has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

14. This action arises out of Defendants' violations of the FDCPA, Rosenthal FDCPA, and TCPA. Because Defendants do business within the County of San Diego, State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. section 1391.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## IV.
## RELEVANT FACTS

16. On December 19, 2014, Plaintiff sent AT&T U-VERSE a letter informing them to stop calling his cellular phone (ending in 5435). By doing so, Plaintiff revoked any consent, express, or implied, to receive calls on his cellular telephone. A copy of Plaintiff's December 19, 2014 letter is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

17. Plaintiff is informed and believes that Plaintiff's December 19, 2014 letter to AT&T U-VERSE was provided to the remaining Defendants. Plaintiff also believes that said letter as well as a notation was placed in Plaintiff's file so that all Defendants had complete access to this information giving them actual knowledge of the revocation of consent.

18. Sometime after January 23, 2015, Plaintiff received his first collection notice from BACS, attempting to collect $313.65 that was allegedly owed to AT&T U-VERSE. Plaintiff currently takes no position as to the validity of this alleged debt. A copy of BACS' January 23, 2015 collection notice is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

19. On February 11, 2015, Plaintiff's counsel sent a letter to Defendant BACS informing them that Plaintiff was retained and represented by an attorney, and that all communications should be addressed to Plaintiff's counsel. The letter also disputed the alleged debt and requested a validation of the debt. A copy of Plaintiff's

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

Counsel February 11, 2015 letter is attached hereto as **Exhibit 3**, and is incorporated herein by reference.

20. Plaintiff is informed and believes that Plaintiff counsel's February 11, 2015 letter to BACS was provided to the remaining Defendants. Plaintiff also believes that said letter as well as a notation was placed in Plaintiff's file so that all Defendants had complete access to this information giving actual knowledge to them that Plaintiff was represented by an attorney. In the alternative, Plaintiff believes and therefore alleges that BACS ignored Plaintiff counsel's February 11, 2015 letter and failed to place a copy of it as well as a notation in the file.

21. BACS never provided a verification of the debt to Plaintiff or his counsel.

22. Despite having actual knowledge that Plaintiff was represented by an attorney, EOS sent its first collection letter, dated April 23, 2015, directly to Plaintiff in an attempt to collect $825.12. Pursuant to the notice, the debt was allegedly owed to AT&T, but did not indicate which AT&T it was owed to. A copy of EOS' April 23, 2015 collection notice is attached hereto as **Exhibit 4**, and is incorporated herein by reference.

23. Despite having actual knowledge that Plaintiff was represented by an attorney, EOS placed numerous collection calls, directly to Plaintiff seeking and demanding payment for an alleged debt. This calls were made without express consent.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

24. EOS placed collection calls from telephone number (855) 666-9205 to Plaintiff's cellular telephone at phone number (858) XXX-5435. On numerous occasions, Defendant EOS left blank voicemail messages without identifying themselves or would hang up without leaving messages identifying itself.

25. Per its business practices, each of EOS' calls were placed using an automatic telephone dialing system or with an artificial or prerecorded voice.

26. On May 8, 2015, at approximately 11:16 a.m. Pacific Standard Time, EOS called Plaintiff's cellular telephone. Plaintiff spoke with an EOS representative with the name of "Jay." In the course of the phone call, Plaintiff requested that EOS cease placing collections calls to his cellular phone.

27. Plaintiff again revoked any consent, express, or implied, to receive calls from EOS in the course of the call on May 8, 2015. However, EOS continued placing numerous collection calls to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A), in an attempt to collect a debt.

28. On May 8, 2015, Plaintiff's counsel sent another letter to informing EOS that Plaintiff was retained and represented by an attorney, and that all communications should be addressed to Plaintiff's counsel. Plaintiff counsel's second letter also disputed the alleged debt and requested a validation of the debt. A

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

copy of Plaintiff's Counsel May 8, 2015 letter is attached hereto as **Exhibit 5**, and is incorporated herein by reference.

29. On or about May 27, 2015, despite having actual knowledge that Plaintiff was represented by an attorney, EOS sent another collection notice directly to Plaintiff attempting to collect a debt in the amount of $825.12. A copy of EOS' collection notice is attached hereto as **Exhibit 6**, and is incorporated herein by reference.

30. Despite Plaintiff's requests to cease calling his cellular telephone and Plaintiff counsel's request to stop contacting Plaintiff, EOS continued to place numerous collection calls to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

31. Defendant EOS placed approximately sixty (60) or more telephone calls to Plaintiff's cellular phone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A) after he had revoked his consent on numerous occasions.

## V.
## <u>FIRST CAUSE OF ACTION</u>
## (Violation of the FDCPA Against BACS and EOS)

32. Plaintiff re-alleges paragraphs 1 through 31, above, as if fully set forth herein.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

33. BACS violated 15 U.S.C. sections 1692e and 1692e(10) by ignoring Plaintiff counsel's February 11, 2015 letter and failing to place a copy of the letter as well as a notation in the collection file, which would have given notice to the remaining Defendants that Plaintiff was represented by an attorney.

34. BACS and EOS violated 15 U.S.C. section 1692g(a)(1) because their initial collection letters failed to state the accurate amount of the debt. BACS' January 23, 2015 collection notice stated that the alleged amount owed was $313.65, while EOS' April 23, 2015 collection notice stated that Plaintiff owed $825.12. It is unclear what the actual alleged amount owed was.

35. BACS and EOS violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) because the collection notices were confusing and misleading and stated different amounts Plaintiff allegedly owed. BACS January 23, 2015 letter stated that the alleged debt owed was $313.65, while EOS' collection notice, dated April 23, 2015, stated that the alleged debt owed was $825.12. It is unclear what the actual alleged amount owed was and therefore the notices are confusing and misleading.

36. EOS violated 15 U.S.C. section 1692g(a)(2) because it failed to state the name of the creditor to whom the debt is owed. EOS' April 23, 2015 collection notice states the alleged debt is owed to AT&T. But, AT&T has numerous service providers, including, but not limited to, AT&T Wireless, AT&T internet services, and AT&T U-Verse. Accordingly, it is unclear from the notice to whom this alleged debt is owed.

37. EOS violated 15 U.S.C. section 1692g(b) when it continued collecting the alleged debt, even though Plaintiff by and through his attorney, disputed the debt and requested a timely verification of the debt. Instead of providing a verification of the debt, EOS continued to attempt to collect the alleged debt.

38. EOS violated 15 U.S.C. section 1692c(a)(2) because it contacted Plaintiff verbally and in writing, in an attempt to collect a debt, despite knowing that Plaintiff was represented by an attorney.

39. EOS violated 15 U.S.C. section 1692d by making numerous telephone calls to Plaintiff, engaging in conduct the natural consequence of which it was harassing, oppressing, and abusing Plaintiff.

40. EOS violated 15 U.S.C. section 1692d(5) because it contacted Plaintiff by telephone numerous times in an attempt to collect a debt. Defendants acts in calling Plaintiff approximately 60 times on his cellular telephone to in an attempt to collect a debt was intentional causing harassment, annoyance, and abuse.

41. EOS violated 15 U.S.C. section 1692d(6) because the placement of the telephone calls from EOS was without meaningful disclosure of the caller's identity.

42. EOS violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1) because the amount it attempted to collect was inaccurate and or confusing and misleading and may have included fees and charges that they were not entitled to and that were unauthorized by agreement or law.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

43. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from BACS and EOS' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A) and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

**VI.**
**SECOND CAUSE OF ACTION**
**(Violation of the Rosenthal FDCPA against All Defendants)**

45. Plaintiff re-alleges paragraphs 1 through 44, above, as if fully set forth herein.

46. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

47. BACS violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10).

48. EOS violated Civil Code section 1788.17 because they violated 15 U.S.C. sections 1692g(a)(1), 1692g(a)(2), 1692g(b), 1692c(a)(2), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

49. EOS and AT&T U-VERSE violated the Rosenthal FDCPA by violating California Civil Code section 1788.14(c) because they contacted Plaintiff in an attempt to collect a debt, after having actual knowledge that Plaintiff was represented by an attorney.

50. AT&T U-VERSE violated Civil Code section 1788.17 by violating 15 U.S.C. 1692c(2)(A) because it knew that Plaintiff was represented by an attorney, but nevertheless directly contacted Plaintiff in an attempt to collect the alleged debt, by using the services of EOS.

51. AT&T U-VERSE violated Civil Code section 1788.17 by violating 15 U.S.C. sections 1692e(2)(A) and 1692f(1) by attempting to collect, by and through EOS, fees and charges that they it was legally not entitled to.

52. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

53. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

**VII.**
**THIRD CAUSE OF ACTION**
**(Negligent Violations of the TCPA against EOS)**

54. Plaintiff re-alleges paragraphs 1 through 53, above, as if fully set forth herein.

55. The forgoing acts and omissions of EOS constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

56. As a result of EOS' telephone calls, Plaintiff has suffered actual damages and harm resulting from EOS' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

57. As a result of EOS' negligent violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

58. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VIII.
## FOURTH CAUSE OF ACTION
## (Knowing and/or Willful Violations of the TCPA Against EOS)

59. Plaintiff re-alleges paragraphs 1 through 58, above, as if fully set forth herein.

60. The forgoing acts and omissions of EOS constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 et seq.

61. As a result of EOS' telephone calls, Plaintiff has suffered actual damages and harm resulting from EOS' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

62. As a result of EOS' knowing and/or willful violations of 47 U.S.C. section 227 et seq., Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

63. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## IX.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

DATED: August 10, 2015

**MASHIRI LAW FIRM**
A Professional Corporation
By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
HADJIR MASHIRI

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939